## IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL MURRAY; MICHAEL RENO; GERRIE WEAVER; MARCO BAKHTIARI; AND MICHAEL BRAUCHLE, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE KATHLEEN E. DELANEY, DISTRICT JUDGE,
Respondents,
    and
JASMINKA DUBRIC; A CAB, LLC; A CAB SERIES LLC; EMPLOYEE LEASING COMPANY; AND CREIGHTON J NADY,
Real Parties in Interest.

No. 82126

**FILED**

DEC 10 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### *ORDER DENYING PETITION FOR WRIT OF PROHIBITION OR MANDAMUS*

This original petition for a writ of prohibition seeks to enjoin the district court in the underlying Minimum Wage Act action, *Dubric v. A-Cab, et al*, Case No. A-15-721063-C, from proceeding with any NRCP 23 class action settlement of claims that were already granted class action certification and proceeded to final judgment in a separate case, *Michael Murray v. A Cab Taxi Service LLC and A Cab LLC*, Case No. A-12-669926-C. Petitioners also seek a writ of mandamus directing the district court to allow petitioners' counsel to opt out of *Dubric* on behalf of all *Murray* class members. Petitioners have moved to stay the district court proceedings

20-44925

pending our consideration of this writ petition, real parties in interest have filed oppositions thereto, and petitioners filed a reply. Real parties in interest have filed answers to the petition for a writ of prohibition or mandamus, as directed by this court.

Having reviewed the petition, answers, accompanying appendices, and affidavit from petitioners' counsel regarding the continuance of the final fairness hearing, we conclude that our extraordinary intervention is not warranted at this time. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (observing that the party seeking writ relief bears the burden of showing such relief is warranted); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (recognizing that writ relief is an extraordinary remedy and that this court has sole discretion in determining whether to entertain a writ petition). Petitioners will be allowed to participate in the final fairness hearing, and if aggrieved, petitioners may appeal from any judgment following that hearing. Accordingly, we

ORDER the petition DENIED. [1]

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

---

[1]In light of this decision, petitioners' motion for a stay is denied as moot.

 

cc: Hon. Kathleen E. Delaney, District Judge
Leon Greenberg Professional Corporation
Rodriguez Law Offices, P.C.
Bourassa Law Group, LLC
Eighth District Court Clerk